GEORGE FAIR v. THE STATE.

No. 2772. Decided November 19, 1913.

**Murder—Accomplice—Want of Corroboration.**

Where, upon trial of murder, the conviction was obtained on the uncorroborated testimony of an accomplice, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Matagorda. Tried below before the Hon. Sam'l. J. Styles.

Appeal from a conviction of murder in the first degree; penalty, imprisonment in the penitentiary for life.

The opinion states the case.

*W. C. Carpenter* and *Thos. H. Lewis,* for appellant.—On question of insufficient corroboration: Maibaum v. State, 59 Texas Crim. Rep., 386, 128 S. W. Rep., 378; Johnson v. State, 32 S. W. Rep., 1041; Jenkins v. State, 55 S. W. Rep., 814.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of murder in the first degree, and given a life sentence in the penitentiary.

The case is submitted on appeal on one question: the insufficiency of the evidence to support the conviction in that the accomplice Charles Brown is in no way corroborated so as to connect the defendant with the homicide. Charles Brown, the accomplice, testified that on the day of the killing he, Diggs Perry and appellant went to the house of deceased; that Diggs Perry killed him by shooting him over the right eye with his, deceased's, gun. After killing him Diggs Perry took a purse from the pocket of deceased in which was $35 in currency, and gave appellant a ten dollar bill. There is no testimony except the accomplice Brown that appellant was present at the time and place of the homicide, or had any connection with it. Diggs Perry and Brown were seen together with defendant before the homicide. After the homicide Brown and Diggs Perry were together the balance of the day, or practically the remainder of the day. A passenger train conductor testified that a day or so after the killing appellant boarded his train and tendered him a ten dollar bill in payment of his fare, and he in obedience to a request arrested the defendant and subsequently delivered him to the authorities. Brown testified he had been with Diggs Perry and appellant, and that Diggs Perry had stated that he wanted money and would kill a man to get it. That thereafter by accident he met Perry and appellant; that they went to the house of deceased, and Diggs Perry borrowed the gun of the deceased ostensibly for the purpose of killing a bird for the deceased. He killed the bird and brought it in, and after deceased had cleaned the bird and was salting it. Perry put a cartridge in the gun and shot and killed the deceased and took his money. If there is any corroboration which tends to connect the defendant with this homicide outside of the testimony of the accomplice, the writer has been unable to find it. It is true, the parties had been together some a day or two prior to the homicide, but Brown says they did not discuss the killing of deceased. Appellant was not seen with Brown and Diggs Perry on the day of the homicide by any witness except Brown. Brown and Perry were seen together the day of the homicide coming from the direction of the homicide, and there is evidence tending to show beyond this that Perry fired the shot that killed deceased, but there is no evidence outside of Brown's that defendant was there or had anything to do with it. The fact that he had a ten dollar bill which he exhibited to the conductor on the train is not corroborative of Brown's testimony. If it could have been shown that this ten dollar bill was one that Brown says was in the purse of the deceased, and that he had received from Perry, it would be of some cogency, but nobody undertook to identify this bill as being one that had been owned by deceased or that it had ever been in his possession or in possession of Perry. The bare fact that appellant had a ten dollar bill a day or two after the killing is not evidence that it was taken from the deceased. We deem it unnecessary to go over this testimony any further. The killing was a horrible one, and Diggs Perry was shown by this record to have been given the death penalty for his crime, and

·this record shows further there was evidence against Perry sufficient for his conviction in addition to Brown's testimony.

Because the evidence does not support this conviction for the reasons stated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*